# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WRIGHT, JR., | : | |
| | : | |
| Plaintiff, | : | Case No.: 5:10-cv-184 (CAR) |
| | : | |
| v. | : | |
| | : | |
| DR. THERONE HARRISON, NURSE BETH EUBANKS, and Cpt. PETTY, | : | 42 U.S.C. § 1983 |
| | : | |
| Defendants. | : | |

## *ORDER ON THE REPORT AND RECOMMENDATION*
## *OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the United States Magistrate Judge's Recommendation to dismiss the claim against Defendant Nurse Beth Eubanks pursuant to 28 U.S.C. § 1915(e)(2) [Doc. 6]. Plaintiff's Complaint does not indicate that Nurse Eubanks did anything wrong in treating his condition or that she had the authority to address any of Plaintiff's medical complaints, which form the basis for this suit under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff entered an Objection to the Recommendation in which he argues that Nurse Eubanks is "like the queen on a chess board protecting the king." [Doc. 8]. Upon *de novo* review of the Recommendation and the record, the Court concludes that the Objection has no merit. The Recommendation is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**. Nurse Beth Eubanks is hereby **DISMISSED** as a party to this case.

Plaintiff has brought suit under Section 1983 against his treating physician, a nurse, and a corrections officer at the jail in Baldwin County, Georgia, where he sought treatment as an inmate for a case of anal warts. Plaintiff alleges that Defendant Dr. Harrison observed the anal warts and

prescribed a topical treatment in December 2009. To date, Plaintiff claims the treatment has not been effective at either reducing the size of the warts or alleviating the pain associated with them. Though Plaintiff does not mention Defendant Nurse Eubanks in the substantive allegations of his Complaint, he suggests in his Objection that she is "like the queen on a chess board protecting the king" and that she once refused to provide Plaintiff with a copy of his medical records. Plaintiff named Defendant Captain Petty in the suit for failing to address grievances he filed based on his medical treatment.

The Complaint alleges that Dr. Harrison treated Plaintiff and refused to alter that course of treatment during follow-up visits. Nurse Eubanks apparently assisted in treating Plaintiff, but Plaintiff does not claim that she had any authority to challenge or change Dr. Harrison's diagnosis. Her alleged protective nature or failure to supply Plaintiff his medical records has no bearing on Plaintiff's claim. Thus, any legitimate medical indifference claim Plaintiff may have under Section 1983 cannot properly proceed against Nurse Eubanks. The Court concludes, therefore, that Plaintiff's claim as to Nurse Eubanks lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Having addressed Plaintiff's Objection, the Recommendation is **ADOPTED** and **MADE THE ORDER OF THE COURT**. Nurse Eubanks is **DISMISSED** as a party to this case.

**SO ORDERED,** this 14th day of June, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

THC/apg