IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIE FRANK WRIGHT, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | NO.  5:10-CV-184 (MTT) |
| **VS.** : | |
| : | |
| **THERON HARRISON,** *et al.,* : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| **Defendants.** : | Before the U.S. Magistrate Judge |
| : | |

## RECOMMENDATION TO DISMISS

Before the Court is are two Motions to Dismiss or, in the alternative, Motions for Summary Judgment filed by Defendant Dr. Theron Harrison (Doc. 20) and Defendant Jeff Petty (Doc. 22).[1] Construing both as Motions to Dismiss, and for the reasons set forth below, it is **RECOMMENDED** that both motions be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

At the time off the alleged conduct giving rise to this action, Plaintiff was confined at the Baldwin County Jail.  At that time, Defendant Jeff Petty worked as the jail's administrator and Defendant Dr. Theron Harrison, a private physician under contract with Baldwin County, provided medical care to the jail's inmates.

According to Plaintiff, the facts of this case are as follows: prior to being confined in the Baldwin County Jail, he began suffering from painful anal and genital warts.  Consequently, he sought treatment from the Baldwin County Health Department as well as an almost free medical facility called the Passionate Care Clinic.  In so doing, he met with as many as three different physicians, was prescribed Lortab, and was told that, due to the size of the warts, surgical removal

---

[1] Defendant Petty designates his motion as one seeking summary judgment.  Nevertheless, in his supporting brief, he argues that the claims against him should be dismissed on account of Plaintiff's failure to adequately state a claim upon which relief can be granted under 42 U.S.C. § 1983.

was necessary. Before he had an opportunity to see a specialist, he was arrested and confined in the Baldwin County Jail.

At the jail, on December 29, 2009, Plaintiff met with Defendant Harrison. Dr. Harrison examined the warts, and was aware that one of Plaintiff's private physicians sent "some medical records" presumably containing information about Plaintiff's need for narcotic pain medication or surgery. Instead of narcotics or surgery, Dr. Harrison prescribed Condylox, a topical ointment.

Plaintiff continued to complain about pain and harmful side effects of the Condylox. He was examined again on February 23, 2010, March 23, 2010, and April 29, 2010, the day the instant Complaint was executed. Dr. Harrison recommended that he continue using Condylox and refused to recommend or authorize surgery.

As a result, and allegedly in violation of his Constitutional rights, Plaintiff argues that he is being forced to endure unbearable pain and rectal bleeding. Consequently, he seeks injunctive relief as well as one million dollars in damages.

## DISCUSSION

Plaintiff's Complaint fails to state a claim for which relief can be granted. To establish a violation of the Eighth or Fourteenth Amendment related to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) ), *overruled in part on other grounds,* Hope v. Peltzer, 536 U.S. 730 at 739 (2002), (citing Wilson v. Seiter, 501 U.S. 294 (1991) (subjective component), Whitley v. Albers, 475 U.S. 312 (1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d

1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). As these requirements make clear, in the context of a 42 U.S.C. §1983 lawsuit, "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable. Taylor, 221 F.3d at 1258. Equally important in the context of this case is the fact that a prisoner cannot establish a constitutional violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment," Estelle, 429 U.S. at 105, and, as such, are not actionable under the Eighth or Fourteenth Amendment.

In this case, Plaintiff's own allegations describe Dr. Harrison's efforts to provide him with medical care and attention for his anal warts. As such, it appears that the Plaintiff's claims consist entirely of his disagreements with the mode or method of treatment provided. As indicated above, such claims are not sufficient to establish deliberate indifference. Estelle, 429 U.S. at 105; Hamm, 774 F.2d at 1576; accord Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (1st Cir. 1981) ("We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. [ ] Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.") (internal citations omitted). This is so "even if the harm ultimately was not averted," where it appears that the prison officials did not disregard a known risk and instead acted to address the risk. Farmer v. Brennen, 511 U.S. 825,844 (1970).

In view of the above, Plaintiff's Complaint fails to plead sufficient factual matter to establish a plausible claim that Dr. Harrison was deliberately indifferent to his serious medical needs. By

extension, therefore, any related claim against Defendant Petty is also without merit. Accordingly, **IT IS RECOMMENDED** that Defendants' Motions be **GRANTED** and that this action be **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of August, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge